# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X

ORCHARD ENTERPRISES NY, INC.,

Index #: 602696/09

                              Plaintiff,

Purchased: 8/31/09

        -against-

**SUMMONS**

MEGABOP RECORDS LTD. t/a MBOP DIGITAL,

                              Defendant.
--------------------------------------------------------------------X

**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby summoned and required to serve upon plaintiff's attorney an Answer to the Complaint in this action within twenty (20) days after service of this Summons, exclusive of the day of service, or within thirty (30) days after service of this Summons if this Summons was not personally served upon you within the State of New York. In case of your failure to appear or answer in this action, judgment will be taken against you by default for the relief demanded in the Complaint.

**Basis of venue:** Plaintiff resides in New York County (23 East 4th Street, City and State of New York) and the subject contract establishes venue in this Court.

Dated: New York, New York
       August 3, 2009

X _____
**PADILLA & ASSOCIATES, PLLC**
By: Jeffrey W. Padilla, Esq.
845 Third Avenue – 6th Floor
New York, New York 10022
(646) 290-5168
*Attorneys for Plaintiff*

TO:   Megabop Records Ltd. t/a Mbop Digital
      40 Bowling Green Lane
      Clerkenwell, London EC1R One
      United Kingdom

NEW YORK
COUNTY CLERK'S OFFICE

AUG 31 2009

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
ORCHARD ENTERPRISES NY, INC.,

Plaintiff,

-against-

MEGABOP RECORDS LTD. t/a MBOP DIGITAL,

Defendant.
------------------------------------------------------------------------X

Index #: 602696/09

**VERIFIED
COMPLAINT**

Plaintiff ORCHARD ENTERPRISES NY, INC., by and through its attorneys, PADILLA & ASSOCIATES, PLLC, complaining of the defendants, respectfully alleges the following upon information and belief:

## THE PARTIES

1.      At all times hereinafter mentioned, plaintiff ORCHARD ENTERPRISES NY, INC. (formerly known as The Orchard Enterprises, Inc. and hereafter referred to as "plaintiff" or "THE ORCHARD") was and still is a corporation duly licensed and existing under the laws of the State of New York, with offices in New York County, City and State of New York.

2.      At all times hereinafter mentioned, defendant Megabop Records Ltd. t/a Mbop Digital (hereafter "defendant" or "MBOP") was and still is a foreign corporation, organized and existing under the laws of the United Kingdom, with a principal place of business in London, England.

## BACKGROUND

3.      On or about June 28, 2007, plaintiff and defendant executed a Digital Content License Agreement (hereafter the "License Agreement").

4.     The License Agreement was executed on behalf of plaintiff by its Chief Executive Officer, Mr. Greg Scholl, and on behalf of defendant by its Managing Director, Mr. Paul Balance.

5.     Mr. Balance had actual and apparent authority to enter into said License Agreement on behalf of MBOP, and represented that authority to plaintiff.

6.     The License Agreement, as executed, is valid and enforceable.

7.     Paragraph 16(j) of the License Agreement provides as follows:

> "This agreement shall be governed by New York law. The parties hereby grant to the U.S. District Court for the Southern District of New York, or the Supreme Court of the State of New York, New York County, exclusive jurisdiction to hear any disputes arising out of or relating to this agreement; no action may be instituted in any other venue."

8.     This dispute arises out of the License Agreement. As such, venue is proper in this Court pursuant to Paragraph 16(j) of the License Agreement.

9.     The purpose of the License Agreement was for THE ORCHARD, in exchange for specified compensation to be paid to it by MBOP, to furnish MBOP with certain Recordings, together with a license to use same, in order for MBOP to reproduce and distribute via download those Authorized Recordings to MBOP's customers.

10.     Paragraph 3 of the License Agreement provides as follows:

> "Fees. The fees and other compensation set forth in Schedule B attached hereto are collectively referred to herein as "Fees." Unless otherwise provided in this Agreement, the Fees shall not be subject to any deduction, reduction or proration of any kind whatsoever."

11.     Schedule B of the License Agreement sets forth the various fees to be earned by THE ORCHARD depending on the country where MBOP sold and/or distributed the Recordings.

2

12.     THE ORCHARD performed its obligations under the License Agreement by delivering to MBOP the Recordings and the related license to use such Recordings.

13.     Pursuant to the terms of the License Agreement, THE ORCHARD issued the following invoices to MBOP (said invoices being collectively annexed hereto as **Exhibit "A"** and hereafter referred to as "the invoices") totaling $195,039.69:

    a.     Invoice 2065 (dated September 30, 2007) for $5,514.50;

    b.     Invoice 2084 (dated July 1, 2007) for $50,000.00;

    c.     Invoice 2085 (dated September 30, 2007) for $25,000.00;

    d.     Invoice 2624 (dated December 31, 2007) for $30,390.86;

    e.     Invoice 2625 (dated October 31, 2007) for $3,463.25;

    f.     Invoice 2626 (dated November 30, 2007) for $14,797.35;

    g.     Invoice 3532 (dated April 1, 2008) for $37,511.00;

    h.     Invoice 4204 (dated June 30, 2008) for $10,802.64; and

    i.     Invoice 4837 (dated September 30, 2008) for $17,560.09.

14.     MBOP received the above invoices.

15.     The above invoices were due upon receipt.

16.     MBOP received the above invoices, yet failed to pay the full amount due thereon despite plaintiff's repeated demands for payment.

17.     MBOP paid $20,000 to plaintiff in partial payment of the invoices.

## AS AND FOR A FIRST CAUSE OF ACTION

18.     Plaintiff hereby reiterates and incorporates by reference all of the allegations contained in paragraphs numbered "1" through and including "17" as if fully set forth herein.

3

19.     THE ORCHARD performed all of its obligations pursuant to the License Agreement.

20.     MBOP breached the License Agreement by, among other things, failing to perform its obligation to pay THE ORCHARD the agreed amount upon receipt of the above invoices.

21.     MBOP breached the License Agreement by, among other things, failing to perform its obligation to pay THE ORCHARD the agreed amount upon receipt of the above invoices despite Paragraph 3 of the License Agreement which specifically provides that the Fees to be earned by THE ORCHARD shall not be subject to any, "…deduction, reduction or proration of any kind whatsoever."

22.     As a result of MBOP's breach of the License Agreement, THE ORCHARD has been damaged.

23.     As a result of defendant MBOP's breach of the License Agreement, THE ORCHARD is discharged from any further obligations it may have had pursuant to said License Agreement.

24.     As a result of defendant MBOP's breach of the License Agreement, MBOP is liable to THE ORCHARD in the amount of $175,039.69 (representing the invoice amount of $195,039.69, minus $20,000 paid by defendant), plus interest, attorneys' fees, costs and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION

25.     Plaintiff hereby reiterates and incorporates by reference all of the allegations contained in paragraphs numbered "1" through and including "24" as if fully set forth herein.

26.     THE ORCHARD issued, and MBOP received, the above invoices.

4

27.     MBOP failed to refute, respond or object to the invoices and has failed to pay the amount due on the invoices although due, owing and demanded.

28.     To date, defendant has paid $20,000 of the contract price and invoices, leaving a balance due of $175,039.69, which amount has been demanded, but remains unpaid.

29.     To date, defendant has paid $20,000 of the contract price and invoices, leaving a balance due of $175,039.69, despite Paragraph 3 of the License Agreement which specifically provides that the Fees to be earned by THE ORCHARD shall not be subject to any, "…deduction, reduction or proration of any kind whatsoever."

30.     As a result of the foregoing, an account has been stated between plaintiff and defendant, and defendant is liable to plaintiff in the amount of $175, 039.69, plus interest, attorneys' fees, costs and disbursements.

## AS AND FOR A THIRD CAUSE OF ACTION
## PURSUANT TO CPLR RULE 3016(f)

31.     Plaintiff hereby reiterates and incorporates by reference all of the allegations contained in paragraphs numbered "1" through and including "30" as if fully set forth herein.

32.     THE ORCHARD furnished and delivered to MBOP the Recordings and the related license to use such Recordings and consequently earned the fees described on the invoices in the total amount of $195,039.69.

33.     The services rendered and items furnished as itemized in the invoices signify the reasonable value and agreed price of the goods and services as set forth in the License Agreement.

5

34.    MBOP has not objected to the invoices based upon delivery, performance, reasonable value or agreed price.

35.    Pursuant to CPLR Rule 3016(f), plaintiff hereby demands that defendant specifically set forth in its verified answer each item of the invoices it disputes and whether in respect of delivery, performance, reasonable value or agreed price.

36.    As a result of the foregoing, MBOP is liable to THE ORCHARD in the amount of $175,039.69 (representing the invoice amount of $195,039.69, minus $20,000 paid by defendant), plus interest, attorneys' fees, costs and disbursements.

**WHEREFORE**, plaintiff demands judgment against defendant as follows: on the First Cause Of Action: $175,039.69, plus interest, attorneys' fees, costs and disbursements; on the Second Cause Of Action: $175,039.69, plus interest, attorneys' fees, costs and disbursements; on the Third Cause Of Action: $175,039.69, plus interest, attorneys' fees, costs and disbursements; and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 3, 2009

Yours, etc.

X
PADILLA & ASSOCIATES, PLLC
By: Jeffrey W. Padilla, Esq.
845 Third Avenue - 6th Floor
New York, New York 10022
(646) 290-5168
*Attorney for Plaintiff*

6

**VERIFICATION**

_Jason L. Pascal, Esq_ hereby deposes and says:

I am _VP + Senior Counsel_ of plaintiff ORCHARD
ENTERPRISES NY, INC., and I am authorized to make this Verification. I have read
the within **VERIFIED COMPLAINT**. The allegations contained therein are true to the
best of my knowledge, except those matters therein which are stated to be alleged upon
information and belief, and as to those matters I believe them to be true.

Dated: New York, New York,
    August 3, 2009

(Signature): _____

(Print Name): _Jason Pascal_     (Title): _VP + Senior Counsel_

 Orchard, 100 Park Avenue, 2nd Floor
New York, NY 10017

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/30/2007 | 2065 |

**Bill To**

Mbop
Maria Comisky
40 Bowling Green Ln
Clerkenwell, London EC1R ONE
United Kingdom

| For: | Terms |
|------|-------|
| Q3 Content Delivery | Due on receipt |

| Tracks | Description | Rate | Amount |
|--------|-------------|------|--------|
| 22,096 | Content Delivery -Q3 2007 | 0.24957 | 5,514.50 |

Please pay by Wire Transfer to The Orchard

| **Total** | $5,514.50 |
|-----------|-----------|

WIRE INSTRUCTIONS:

Bank Name: Citibank NA
Bank Address: 162 Amsterdam Avenue, New York, NY
Swift: CITIUS33
ABA#: 21000089
ACCT#: 95001750

If you have any questions concerning this invoice, please contact Jeff Nimerofsky at

We appreciate your prompt payment


The Orchard.

The Orchard Enterprises, Inc.
100 Park Avenue, 2nd Floor
New York, NY 10017

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/1/2007 | 2084 |

Mbop
Maria Comisky
40 Bowling Green Ln
Clerkenwell, London EC1R ONE
United Kingdom

| Terms |
|-------|
| Due on receipt |

| Description | Quantity | Rate | Amount |
|-------------|----------|------|--------|
| Catalogue Delivery Q2 07 | | 50,000.00 | 50,000.00 |

Please make all checks payable to: The Orchard

WIRE INSTRUCTIONS:

Bank Name: Citibank NA
Bank Address: 162 Amsterdam Avenue, New York, NY
Swift: CITIUS33
ABA#:021000089
ACCT#: 95001750

If you have any questions concerning this invoice, please contact Jeff Nimerofsky at
jeff@theorchard.com

| Total | $50,000.00 |
|-------|------------|

| Payments/Credits | $0.00 |
|------------------|-------|
| **Balance Due** | $50,000.00 |


The Orchard.

The Orchard Enterprises, Inc.
100 Park Avenue, 2nd Floor
New York, NY 10017

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/30/2007 | 2085 |

Mbop
Maria Comisky
40 Bowling Green Ln
Clerkenwell, London EC1R ONE
United Kingdom

| Terms |
|-------|
| 5 Days |

| Description | Quantity | Rate | Amount |
|-------------|----------|------|--------|
| Catalogue Delivery Q3 07 | | 25,000.00 | 25,000.00 |

Please make all checks payable to:  The Orchard

WIRE INSTRUCTIONS:

Bank Name: Citibank NA
Bank Address: 162 Amsterdam Avenue, New York, NY
Swift: CITIUS33
ABA#:021000089
ACCT#: 95001750

If you have any questions concerning this invoice, please contact Jeff Nimerofsky at
jeff@theorchard.com

| Total | $25,000.00 |
|-------|-----------|

| Payments/Credits | $0.00 |
|------------------|-------|
| **Balance Due** | $25,000.00 |

 **The Orchard**, 100 Park Avenue, 2nd Floor
New York, NY 10017

# Invoice

| Date | Invoice # |
|------|-----------|
| 12/31/2007 | 2624 |

**Bill To**

Mbop
Maria Comisky
40 Bowling Green Ln
Clerkenwell, London EC1R ONE
United Kingdom

| For: | | Terms |
|------|--|-------|
| CONTENT DELIVERY | | Due on receipt |

| Tracks | Description | Rate | Amount |
|--------|-------------|------|--------|
| | Content Delivery as per signed contractual Agreement 4th QTR 2007 | 25,000.00 | 25,000.00 |
| 21,211 | Ongoing Delivery as per contractual agreement -December 2007 | 0.25415 | 5,390.86 |

Please pay by Wire Transfer to The Orchard

**Total** — $30,390.86

WIRE INSTRUCTIONS:

Bank Name: Citibank NA
Bank Address: 162 Amsterdam Avenue, New York, NY
Swift: CITIUS33
ABA#: 21000089
ACCT#: 95001750

If you have any questions concerning this invoice, please contact Jeff Nimerofsky at

We appreciate your prompt payment

 **Orchard**, 100 Park Avenue, 2nd Floor
New York, NY 10017

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/31/2007 | 2625 |

**Bill To:**

Mbop
Maria Comisky
40 Bowling Green Ln
Clerkenwell, London EC1R ONE
United Kingdom

| For: | | Terms |
|------|---|-------|
| | CONTENT DELIVERY | Due on receipt |

| Tracks | Description | Rate | Amount |
|--------|-------------|------|--------|
| 15,109 | Ongoing Delivery as per contractual agreement -October 2007 | 0.22922 | 3,463.25 |

Please pay by Wire Transfer to The Orchard

| **Total** | **$3,463.25** |
|-----------|---------------|

WIRE INSTRUCTIONS:

Bank Name: Citibank NA
Bank Address: 162 Amsterdam Avenue, New York, NY
Swift: CITIUS33
ABA#: 21000089
ACCT#: 95001750

If you have any questions concerning this invoice, please contact Jeff Nimerofsky at



The Orchard. 100 Park Avenue, 2nd Floor
New York, NY 10017

# Invoice

| Date | Invoice # |
| --- | --- |
| 11/30/2007 | 2626 |

**Bill To:** 

Mbop
Maria Comisky
40 Bowling Green Ln
Clerkenwell, London EC1R ONE
United Kingdom

| For: | | Terms |
| --- | --- | --- |
| ONGOING DELIVERY | | Due on receipt |

| Tracks | Description | Rate | Amount |
| --- | --- | --- | --- |
| 65,487 | Ongoing Delivery as per contractual agreement -November 2007 | 0.22596 | 14,797.35 |

Please pay by Wire Transfer to The Orchard

| **Total** | $14,797.35 |
| --- | --- |

WIRE INSTRUCTIONS:

Bank Name: Citibank NA
Bank Address: 162 Amsterdam Avenue, New York, NY
Swift: CITIUS33
ABA#: 21000089
ACCT#: 95001750

If you have any questions concerning this invoice, please contact Jeff Nimerofsky at

We appreciate your prompt payment



The Orchard Enterprises, Inc.
100 Park Avenue, 2nd Floor
New York, NY 10017

# Invoice

| Date | Invoice # |
|------|-----------|
| 4/1/2008 | 3532 |

Mbop
Maria Comisky
40 Bowling Green Ln
Clerkenwell, London EC1R ONE
United Kingdom

| Terms |
|-------|
| Due on receipt |

| Description | Quantity | Rate | Amount |
|-------------|----------|------|--------|
| Content Delivery-Q108 | 141,857 | 0.26443 | 37,511.00 |

Please make all checks payable to: The Orchard

WIRE INSTRUCTIONS:

Bank Name: Citibank NA
Bank Address: 152 Amsterdam Avenue, New York, NY
Swift: CITIUS33
ABA#:021000089
ACCT#: 95001750

If you have any questions concerning this invoice, please contact Jeff Nimerofsky at jeff@theorchard.com

| Total | $37,511.00 |
|-------|-----------|

| Payments/Credits | $0.00 |
|------------------|-------|
| **Balance Due** | $37,511.00 |

 **The Orchard.**

The Orchard Enterprises, Inc.
100 Park Avenue, 2nd Floor
New York, NY 10017

# Invoice

| Date | Invoice # |
|------|-----------|
| 6/30/2008 | 4204 |

**BILL TO**

Mbop
Maria Comisky
40 Bowling Green Ln
Clerkenwell, London EC1R ONE
United Kingdom

| Terms |
|-------|
| Due on receipt |

| Description | Quantity | Rate | Amount |
|-------------|----------|------|--------|
| Content Delivery - 282.42 GB @ $38.25/gig - Q2 2008 Catalog Recordings | 45,675 | 0.23651 | 10,802.64 |

Please make all checks payable to:  The Orchard

WIRE INSTRUCTIONS:

Bank Name: Citibank NA
Bank Address: 162 Amsterdam Avenue, New York, NY
Swift: CITIUS33
ABA#:021000089
ACCT#: 95001750

If you have any questions concerning this invoice, please contact Jeff Nimerofsky at jeff@theorchard.com

| Total | $10,802.64 |
|-------|-----------|

| Payments/Credits | $0.00 |
|------------------|-------|
| **Balance Due** | **$10,802.64** |

# INVOICE

 **The Orchard.**

Orchard Enterprises NY, Inc.
23 East 4th Street
New York NY   10003

| Date | Invoice # |
|------|-----------|
| 9/30/2008 | 4837 |

**Bill To:**

Mbop Digital (Megabop Records)
Paul Ballance;Maria Comisky
40 Bowling Green Ln
Clerkenwell, London   EC1R ONE

United Kingdom

| Cust No. | | Statement For | | P.O. No. | Terms | Project |
|----------|--|---------------|--|----------|-------|---------|
| MBOP0001 | | Orchard | | | 5 Days | |

| Description | Quantity | Rate | Amount |
|-------------|----------|------|--------|
| On-Going delivery | 74,814 | $0.23 | $17,560.09 |
| Q3 Content Delievery - Per Schedule D of | | | |
| Contractual Agreement | | | |
| 459.087321GB of Data Delievered - $38.25/GB | | | |

| | Total | $17,560.09 |
|--|-------|-----------|

Please make all checks payable to: The Orchard
WIRE INSTRUCTIONS:
Bank Name: Citibank NA
Swift: CITIUS33
ABA#: 021000089
Acct#: 9947107944

Thank you for your business!

SFP 2009 - 2296

zuzustellen · to be served
à signifier - da notificara

## SUMMARY OF THE DOCUMENT TO BE SERVED
### *ÉLÉMENTS ESSENTIELS DE L'ACTE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

### (article 5, fourth paragraph)
*(article 5, alinéa quatre)*

**Name and address of the requesting authority:**
*Nom et adresse de l'autorité requérante:*

Padilla & Associates, PLLC, 845 Third Avenue - 6th Floor, New York, New York 10022, U.S.A.

**Particulars of the parties:**
*Identité des parties:*

Plaintiff: Orchard Enterprises NY, Inc.  Defendant:  Megabop Records Ltd., t/a Mbop Digital

### JUDICIAL DOCUMENT
### *ACTE JUDICIA IRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

Summons and Verified Complaint (with exhibits) for money damages against defendant.

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige:*

To recover money damages ($175,039.69) arising from defendant's breach of contract.

**Date and place for entering appearance:**
*Date et lieu de la comparution:*

Within 30 days from date of service as set forth in the Summons being served herewith.

**Court which has given judgment**:**
*Juridiction qui a rendu la décision:*

Not applicable; no judgment has been entered as of the date of this service request.

**Dale of judgment**:**
*Date de la décision:*

Not applicable; no judgment has been entered as of the date of this service request.

**Time limits stated in the document**:**
*Indication des délais figurant dans l'acte:*

Within 30 days from date of service as set forth in the Summons being served herewith.

### EXTRAJUDICIAL DOCUMENT
### *ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

Not applicable; papers are "judicial documents."

**Time limits stated in the document:****
*Indication des délais figurant dans l'acte:*

Not applicable; papers are "judicial documents."

# EXHIBIT B

zuzusterlen · to be served
á signifier - da notificara

# IN THE HIGH COURT OF JUSTICE
# QUEEN'S BENCH DIVISION

## BEFORE THE SENIOR MASTER

### CLAIM NUMBER
### SFP 2009-8296

### RE:
### MEGABOP RECORDS LIMITED

DEFENDANT

0 8 OCT 2009

### ORDER

UPON READING THE Request for Service of documents (Hague Convention 1965) and of the Court's own motion

IT IS ORDERED THAT there be permission to serve the defendant company by pre paid first class post at its registered address.

### DATED:
### 8TH OCTOBER 2009

# EXHIBIT C

file:///C:/Documents%20and%20Settings/jattie/Local%20Settings/Temporary%20Internet%...

[1'wd: RE: Gateway & Megabop confirmation of transfer]

-------- Original Message --------
**Subject:** RE: Gateway & Megabop confirmation of transfer
**Date:** Wed, 21 Oct 2009 20:05:09 +1100
**From:** Anthony Epstein <AnthonyE@gwypg.com>
**To:** Jennifer Ballance <jennifer.ballance@mbopglobal.co.uk>
**References:** <3254TC95AF19F742B8E71AB816926046030045F9C@BF-OPT-VIR1.bfmsopt> <4ADDE99B.6070307@mbopglobal.co.uk>

Jennifer

A large envelope has just been received postmarked from the Royal Courts of Justice

Regards

Anthony

**Anthony Epstein | Audit Director | Gateway Partners Group**

Chartered Accountants | Wealth Management | Finance | Insurance

**London**
phone 44 20 7292 1250 | fax 44 20 7292 1260
3rd Floor, 22 Ganton Street, London, W1F 7BY

**Sydney:**
phone 61 2 8333 0888 | fax 61 2 8333 0880
Level 6, 100 William Street, Sydney, NSW, 2011

www.gwypg.com

This email and any attachments may be confidential and or legally privileged. If you have received the email and you are not a named addressee, please inform the sender and then delete the email from your system. If you are not a named addressee you must not use, disclose, distribute, copy, print or rely on this email. Gateway Partners Group of Companies have installed advanced virus checking software but neither makes a representation nor provides a warranty as to the absence of viruses in this email or any attachments. Liability limited by a scheme approved under Professional Standards Legislation. Gateway Partners Wealth Management Pty Ltd is a Corporate Authorised Representative of Securitor Financial Group Pty Ltd AFSL 240887

Gateway Partners Auditing UK Ltd. Chartered accountants and business advisors. Registered to carry on audit work and regulated for a range of investment business activities by The Institute of Chartered Accountants in England and Wales. Company no. 06638254