UNITED STATES DISTRICT COURT           ECF CASE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ORCHARD ENTERPRISES NY, INC.,         Case No. 09 CIV 9607 (GBD)

                     Plaintiff,          **AFFIRMATION IN SUPPORT**
                                                                  **OF MOTION FOR**
        -against-                 **DEFAULT JUDGMENT**

MEGABOP RECORDS LTD. t/a MBOP
DIGITAL,
                      Defendant.
------------------------------------------------------------X

        JEFFREY W. PADILLA, ESQ., an attorney duly admitted to practice law before this Court and all Courts of the State of New York, hereby declares the following under penalties of perjury:

1.         I am a Member of Padilla & Associates, PLLC, attorneys for plaintiff. This affirmation is respectfully submitted in support of plaintiff's motion for an Order pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(A) and 55(a) granting plaintiff a default judgment for the full relief sought in the Complaint (Docket 1 [as Exhibit "A" to contained in Notice of Removal]; also attached hereto as **Exhibit "A"**), plus pre- and post-judgment interest, attorney's fees and costs, in addition to such other and further relief as the Court deems appropriate.

2.         Pursuant to Local Rule 37.2, this motion is authorized by Order dated October 14, 2010 (Docket 22; also attached hereto as part of **Exhibit "B"**).

3.         Plaintiff is entitled to the relief requested because defendant has openly and repeatedly violated Court Orders dated May 18, 2010, June 14, 2010, and October 14, 2010 (Docket 11, 16 and 22, respectively; collectively attached hereto as **Exhibit "B"**).

4.       The October 14 Order specifically commands defendant to show good cause in writing by November 30, 2010, why the Court should not issue an Order awarding plaintiff a default judgment against defendant.

5.       I hereby affirm that I have not received any writing adequately demonstrating good cause why judgment should not be entered against defendant.  In fact, at approximately 3:40 p.m. today, December 2, 2010, I first received a facsimile from Your Honor's Chambers attaching correspondence dated November 25, 2010 (attached hereto as **Exhibit "C"**), which was apparently submitted to the Court on behalf of defendant and which references the October 14 Order.  Such correspondence was sent only to the Court, not to my office, and therefore constitutes an improper communication.

6.       Notwithstanding the defendant's improper communication with the Court, the correspondence fails to show good cause why judgment should not be entered against defendant.  The correspondence notes that defendant is in "voluntary liquidation" and does not identify any statutory stays (either in the U.S. or U.K.) which are applicable or appropriate.  Moreover, the correspondence fails to contest the merits of plaintiff's claim.  Lastly, this Court was already made aware <u>prior</u> to the issuance of the October 14 Order of defendant's financial difficulties and how defendant was addressing such difficulties (*see* **Exhibit "D"** hereto, which was also included in the prior motion practice resulting in the October 14 Order).  Thus, defendant has failed to introduce any new information which was not known to the Court prior to the issuance of the October 14 Order.  As such, the November 25 correspondence submitted on behalf of defendant fails to demonstrate good cause to avoid the award of judgment in favor of plaintiff.

7. As noted by the Court in the October 14 Order, defendant has previously violated this Court's Orders dated May 18 and June 14, 2010. As a result of the violation of those Orders as well as the October 14 Order, plaintiff has unnecessarily incurred legal expenses and has been further prejudiced in that plaintiff has been rendered unable to properly advance its claims in this Court. This prejudice is causing actual harm to plaintiff because, as evidenced by the November 25 correspondence submitted on defendant's behalf, defendant is in the process of disposing of its assets. As such, the extreme delay in this case makes it unlikely that plaintiff will be able to fully recover the money justly owed to it. An immediate entry of judgment is required to enable plaintiff to recover what is duly owed to it.

8. As a result of defendant's violation of this Court's Orders dated May 18, June 14, and October 14, 2010, and the prejudice caused to plaintiff thereby, this Court should award judgment to plaintiff as set forth in the attached proposed judgment (**Exhibit "E"**).

**WHEREFORE**, it is respectfully requested that this Court issue an Order pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(A) and 55(a) granting plaintiff a default judgment for the full relief sought in the Complaint, plus pre- and post-judgment interest, attorney's fees and costs, and such other and further relief as the Court deems appropriate.

Dated: New York, New York
December 2, 2010

X_____/S/_____
**PADILLA & ASSOCIATES, PLLC**
By: Jeffrey W. Padilla, Esq. (JP-1242)
845 Third Avenue - 6th Floor
New York, New York 10022
Tel.:   (646) 290-5168
Email: jwp@padillalaw.com
*Attorneys for Plaintiff*